IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR POLITICAL PRACTICES COMMISSION, an Agency of the State of California,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>        Defendant.<br>_____ | 2:12-cv-00093-GEB-CKD<br><br><u>ORDER DENYING WILLIAM EISEN'S APPLICATION TO INTERVENE</u> |

Intervenor-Applicant William Eisen ("Eisen"), *in propria person*, seeks to intervene as a defendant as a matter of right under Federal Rule of Civil Procedure ("Rule") 24(a); and in the alternative, Eisen seeks permissive intervention under Rule 24(b). (Eisen's Appl. to Intervene ("Appl.") 1:22.) Plaintiff Fair Political Practices Commission ("FPPC") opposes the application. Defendant United States Postal Service ("USPS") filed a statement of non-opposition to the application.

**I. Legal Standard**

**A. Intervention of Right**

"Under Federal Rule 24(a), intervention of right [is] permitted when either federal statute confers the unconditional right to intervene in the action, or when the applicant claims an interest which may, as a practical matter, be impaired or impeded by disposition of the pending action, and that interest is not adequately represented by

existing parties." Equal Emp't Opportunity Comm'n v. Giumarra Vineyards Corp., No. 1:09-CV-02255, 2010 WL 3220387, at *2 (E.D. Cal. Aug. 13, 2010). In the absence of a federal statute granting an unconditional right to intervene,

> [a]n applicant seeking intervention as of right must show that: (1) [he] has a "significant protectable interest" relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998) (citation omitted). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." Citizens for Balanced Use v. Mont. Wilderness Ass'n, 647 F.3d 893, 897 (9th Cir. 2011) (citation omitted). However, "[a]n applicant's failure to satisfy any one of the requirements is fatal to the application[; therefore, the court] need not reach the remaining elements if one of the elements is not satisfied." Perry v. Schwarzenegger, 630 F.3d 898, 903 (9th Cir. 2011) (internal quotation marks, alteration in original, and citation omitted).

In evaluating an application to intervene, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the [application] to intervene . . . [and] the proposed . . . answer in intervention . . . as true absent sham, frivolity or other objections." Sw. Cntr. for Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir. 2001).

**B. Permissive Intervention**

"An applicant who seeks permissive intervention must prove that [he] meets three threshold requirements: (1) [he] shares a common

2

question of law or fact with the main action; (2) [his] motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." Donnelly, 159 F.3d at 412 (citation omitted). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." Id. (citation omitted); see Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1111 (9th Cir. 2002) (providing a non-exhaustive list of factors the district court should consider in exercising its discretion), abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1178 (9th Cir. 2011).

## II. Background

**A. FPPC's Allegations**

This case concerns a Freedom of Information Act ("FOIA") request FPPC submitted to USPS, seeking information concerning the number of pieces of mail Eisen sent through USPS using his bulk mailing permit on specific dates in 2008. (Compl. ¶¶ 1, 12 & 14.) FPPC alleges in its complaint that it is "an agency of the State of California . . . charged with investigating possible violations of the [California Political Reform Act of 1974 ('PRA'),]" which governs campaign activities in local elections. Id. ¶ 3. FPPC alleges it "received a sworn complaint . . . alleging [Eisen] violat[ed] . . . the mass mailing provisions of the [PRA] in connection with a local California campaign." Id. ¶ 8. FPPC alleges its "investigation revealed evidence that [Eisen] produced and sent two separate mailings opposing his recall in the November 2008 election . . . [in which he] falsely indicated that a taxpayers' association and regional political club were responsible for the mailers." Id. ¶ 10.

FPPC alleges that as part of its investigation, it "submitted a FOIA request to . . . USPS . . . [seeking information regarding] the number of pieces of mail related to [Eisen's] bulk mailing permit number that [USPS] delivered on or around the 9th, 10th, and 22nd of October in 2008." Id. ¶¶ 12 & 14. FPPC alleges USPS redacted "nearly all of the contents" of the postage statements it provided in response to FPPC's FOIA request, including the total number of pieces of mail sent under the bulk mailing permit. Id. ¶ 16. "Regarding the redactions, [USPS] cited FOIA disclosure exemptions pertaining to information of a commercial or financial nature that are privileged and confidential or would not be publicly disclosed under good business practices (FOIA Exemptions 3 and 4)." Id. (citing 5 U.S.C. § 552(b)(3) & (4)). FPPC seeks in its complaint an order declaring that USPS violated FOIA by improperly redacting the total number of pieces of mail sent under the bulk mailing permit; an order directing USPS "to immediately disclose and produce copies of the requested records to [FPPC]"; and attorney's fees and costs. Id. ¶¶ 30-35.

**B. Eisen's Allegations**

Eisen alleges in his application that the information FPPC requests is "contained in USPS postage statements issued under a standard mail postal permit belonging to the Committee Against Measure BB for which Eisen was the treasurer." (Appl. 1:26-28.) This allegation contradicts FPPC's allegation that the bulk mailing permit belongs to Eisen. However, since Eisen's "well-pleaded, nonconclusory allegations" must be accepted as true for purposes of this motion, the court resolves this conflict in favor of Eisen's allegation. Sw. Cntr. for Biological Diversity v. Berg, 268 F.3d at 820.

Eisen also asserts:

4

>           The FPPC contends that the requested information
>           will aid in its prosecution of Eisen for violating
>           the [PRA] by allegedly sending out mailers on
>           behalf of a local Republican club and taxpayer
>           association using the postal permit. Eisen denies
>           [FPPC's] allegations.

(Appl. 2:1-4.)

Eisen further contends USPS notified him of FPPC's FOIA request under 39 C.F.R. § 265.8, which requires USPS to "provide a submitter [of business information] with prompt written notice of a [FOIA] request for the submitter's business information . . . in order to afford the submitter an opportunity to object to disclosure[.]" (Appl. 5:1-11; 39 C.F.R. § 265.8(b)(1).) Eisen "object[ed] to disclosure of the requested information" in response to USPS's notice. (Appl. 5:10-11.)

Eisen asserts the following in the "Affirmative Defenses" section of his proposed answer in intervention:

>           For a first affirmative defense, the complaint
>           seeks the disclosure of privileged information[,]
>           the disclosure of which would infringe on [Eisen's]
>           right [to] privacy under the California and federal
>           constitutions.
>
>           For a second affirmative defense, the action
>           infringes on [Eisen's] First Amendment rights to
>           free speech and of association.
>
>           For a third affirmative defense, the plaintiff
>           has unclean hands.

(Eisen's Ans. 2:15-21.)

### III. Discussion

**A. Intervention of Right**

**1. Rule 24(a)(1)**

Eisen argues for the first time in his reply brief that he has "an unconditional right to intervene by a federal statute under Rule 24(a)(1)," contending that "implicit in a right to object to disclosure [of business information under 39 C.F.R. § 265.8] is a right to

5

1  participate or intervene in an action challenging those objections."
2  (Reply 2:13-20.) However, "[t]he . . . court need not consider arguments
3  raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d
4  990, 997 (9th Cir. 2007). Therefore, this argument is not considered,
5  since Eisen raises it for the first time in his reply brief and the
6  issue has not been fully briefed by the parties. Sogeti USA LLC v.
7  Scariano, 606 F. Supp. 2d 1080, 1086 (D. Ariz. 2009) ("As [the moving
8  party] improperly raise[s] this issue for the first time in the reply,
9  [the nonmoving party] has no opportunity to respond and the Court has
10 not received the benefit of full briefing.").

   **2. Rule 24(a)(2)**

   **i. Significant Protectable Interest**

13         Eisen also argues that the information FPPC seeks "comprises
14 personal data[,]" the "[r]elease of [which] . . . would infringe on [his
15 constitutional] right to privacy." (Appl. 1:26-28, 6:1-2; Eisen's Reply
16 ("Reply") 3:6-7; Eisen's Ans. 2:16-21.) Eisen also contends that the
17 requested information is "privileged" and "confidential[,]" since it is
18 the type of information that "'would customarily not be released to the
19 public[.]'" (Appl. 5:13-14 & n.4 (quoting Forsham v. Harris, 445 U.S.
20 169, 184-85 (1980)).)

21         FPPC rejoins that "Eisen has no 'significant protectable
22 interest' by virtue of his claim that the information [FPPC] seeks is
23 'privileged and confidential[,]' . . . [since] FPPC has not requested
24 personal data to which [Eisen] has any right of privacy[.]" (Opp'n 3:18-
25 21.) FPPC further argues that "[a]t issue is simply the number of pieces
26 of mail [that were] sent using [a] bulk mail account with [USPS] on
27 certain dates." (Opp'n 3:21-22.)

"Whether an applicant for intervention . . . of right demonstrates sufficient interest in an action is a practical, threshold inquiry, and no specific legal or equitable interest need be established." Citizens for Balanced Use, 647 F.3d at 897 (internal quotation marks, alteration in original, and citation omitted). "To demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." Id. (citation omitted).

Eisen has not shown how a record of the number of pieces of mail that were sent using the Committee Against Measure BB's bulk mailing permit is his "personal data". Further, his assertions in his application that the bulk mailing permit belongs to the committee, and that he objected to disclosure of the information under federal law exempting "business information" from disclosure are incongruous with his argument that the information FPPC seeks is his "personal data" in which he has a personal "legally protected interest." Citizens for Balanced Use, 647 F.3d at 897. Eisen's assertions are insufficient to demonstrate that he has a personal legally protectable privacy interest at stake in this case. Therefore, he has failed to show he is entitled to intervene as a matter of right, and this portion of his application is denied. Perry v. Schwarzenegger, 630 F.3d at 903.

**B. Permissive Intervention**

FPPC also argues "Eisen has not met his burden to prove that permissive intervention is appropriate," since "[Eisen] raises no issue of law or fact [in common with the main action] other than a purported privacy interest in the underlying information [FPPC] seeks." (Opp'n 4:14-16.) Eisen counters that he "clearly shares some defenses with

[USPS] and common questions of law[,] such as whether the requested information was properly withheld from disclosure under the good business practices exemption [in 39 C.F.R. § 265.6(e)(3)]." (Reply 5:26-28.)

However, Eisen alleges only the following affirmative defenses in his proposed answer to FPPC's complaint: that disclosure would violate his rights to privacy, freedom of speech, and freedom of association, and that FPPC has unclean hands. (Eisen's Ans. 2:15-21.) Eisen has not demonstrated how these defenses share a common issue of law or fact with FPPC's FOIA claim. "The language of [Rule 24(b)(2)] makes clear that [permissive intervention under Rule 24(b)(2) must be denied since Eisen's defenses and claims] contain[] no question of law or fact that is raised [in] the main action . . . ." Kootenai Tribe of Idaho, 313 F.3d at 1111. Therefore, this portion of Eisen's application is denied.

### IV. Conclusion

For the stated reasons, Eisen's application to intervene is denied.

Dated: April 26, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge