IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FAIR POLITICAL PRACTICES
COMMISSION,                          )
                                     )      2:12-cv-00093-GEB-CKD
                                     )
              Plaintiff,             )
                                     )      ORDER DENYING MOTION TO STAY
         v.                          )      PENDING APPEAL
                                     )
UNITED STATES POSTAL SERVICE,        )
                                     )
              Defendant.             )
_____     )

          Pro se non-party William Eisen moves under Federal Rule of
Appellate Procedure ("Rule") 8(a)(1) for a stay pending appeal of the
Order filed on October 16, 2012, in which the United States Postal
Service ("USPS") was directed to disclose under the Freedom of
Information Act ("FOIA") the quantity of mail sent using a USPS bulk
mailing permit.  Eisen requests in the alternative that if his motion is
denied he be granted "a temporary stay of 10 days . . . to allow
sufficient time for a presentation of a motion for a stay to the Court
of Appeals." (ECF No. 41, 5:11-12.)

## I. BACKGROUND

          On November 10, 2008, the California Fair Political Practices
Commission ("FPPC") received a sworn complaint alleging that Eisen
violated the California Political Reform Act's disclosure requirements
by sending out mass mailings in connection with his reelection campaign
without properly identifying himself as the sender. (Compl. ¶¶ 8-10.)

Since this disclosure requirement only applies to mailings of "over two hundred substantially similar pieces of mail," the FPPC requested from the USPS the quantity of mail sent using the bulk mailing permit during the time period in question. (Id. ¶ 12 & n.4.) When the USPS refused to tender this information, citing FOIA Exemptions 3 and 4 as the basis for the refusal, the FPPC filed the instant federal action under FOIA. Eisen moved to intervene in this action as a matter of right, or alternatively, by permission of the Court. (ECF No. 10.) His motion to intervene was denied, and he subsequently filed an interlocutory appeal of the denial of his intervention motion. (ECF Nos. 21-23; Appeal No. 12-16165.) Eisen did not, however, move to stay the FOIA case pending appeal of the denial of his motion to intervene. Nor did he request expedited briefing and hearing of his appeal. Instead, he moved "for an order to permit [his] opening [appellate] brief to be filed late." (Appeal No. 12-16165, Dkt. 6, 1:26-27.) Meanwhile, the underlying FOIA action proceeded, and the parties filed cross-motions for summary judgment. (ECF Nos. 29-30.) On October 16, 2012, following a hearing on the cross-motions, judgment was entered in favor of the FPPC, and the USPS was directed to disclose the quantity of mail sent using the bulk mailing permit by November 5, 2012. (ECF Nos. 37-38.) Eisen then filed an appeal of this judgment, and on October 30, 2012, he moved for a stay of enforcement of the judgment pending his appeal of the same. (ECF Nos. 39-41; Appeal No. 12-17438.)

## II. DISCUSSION

Rule 8(a)(1) prescribes the procedures that "[a] party" must follow to move for a stay pending appeal. Likewise, Rule 3(c)(1)(A) prescribes that the notice of appeal must name "the party or parties taking the appeal," and Rule 4(a)(1)(B) provides that the "notice of

appeal may be filed by any party." Rules 3 and 4 "clearly contemplate that only parties may file a notice of appeal." United States v. City of Oakland, Cal., 958 F.2d 300, 301 (9th Cir. 1992). Similarly, "Rule 8(a) requires that a party seek a stay from the district court when appealing the district court's judgment." In re Imperial Real Estate Corp., 234 B.R. 760, 762 (B.A.P. 9th Cir. 1999). Eisen is not a party in this action. As an unsuccessful intervenor, Eisen may "'not appeal from any subsequent order or judgment in the proceeding.'" Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 378 (1987) (citation omitted). "Denial of intervention 'terminates' [an] applicant's participation in the litigation and bars the applicant from appealing the later judgment." City of Oakland, 958 F.2d at 302 (citing Stringfellow, 480 U.S. at 377-78); see also United States v. $129,374 in U.S. Currency, 769 F.2d 583, 590 (9th Cir. 1985) (rejecting unsuccessful intervenor's challenge to entry of summary judgment since absent extraordinary circumstances "'one who was not a party of record before the trial court may not appeal that court's judgment'") (citation omitted); 7C Charles Alan Wright et al., Federal Practice and Procedure § 1923 (3d ed. 2007) ("One . . . whose application to intervene is denied, ordinarily may not appeal from any subsequent order in the proceeding."). Only if Eisen's appeal of the denial of his motion to intervene were successful could he then appeal the underlying judgment. See League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1301 n.1 (9th Cir. 1997) (stating that "if it were concluded on appeal that the district court had erred in denying the intervention motion, and that the applicant was indeed entitled to intervene in the litigation, then the applicant would have standing to appeal the district court's judgment") (emphasis added); DBSI/TRI IV Ltd. P'ship v. United States,

465 F.3d 1031, 1037 (9th Cir. 2006) (same); <u>Canatella v. California</u>, 404 F.3d 1106, 1109 n.1 (9th Cir. 2005) (same). However, Eisen's appeal of the denial of his motion to intervene has not been judged successful, as it remains pending.

Since Eisen is a non-party, he can neither move for a stay pending his appeal of the judgment nor appeal the judgment itself. Accordingly, Eisen's motion for a stay pending appeal of the judgment is denied.

Eisen's alternative request for a temporary stay of ten days concerns the equitable factors of whether Eisen has demonstrated a likelihood of success on the merits of his motion to intervene, combined with possible irreparable injury, or whether serious legal questions combined with a balance of hardships favor granting the stay. <u>Levia-Perez v. Holder</u>, 640 F.3d 962, 964 (9th Cir. 2011) (citation omitted); see also, <u>United States v. Nat'l Broad. Co.</u>, Inc., 842 F. Supp. 402, 405 (C.D. Cal. 1993) (considering and denying motion for stay pending appeal of denial of intervention); <u>United States ex rel. Richards v. De Leon Guerrero</u>, No. 92-00001, 1992 WL 212272, at *2 (D. N. Mar. I. May 22, 1992) (considering motion for stay pending appeal of denial of intervention since "a court may exercise its discretion" in considering such motions "in the same fashion as it deals with an injunction pending appeal").

To be entitled to intervene as a matter of right Eisen was required to show he had a "significant protectable interest relating to the property or transaction that is the subject of the action." <u>Citizens for Balanced Use v. Mont. Wilderness Ass'n</u>, 647 F.3d 893, 897 (9th Cir. 2011) (citation omitted). Eisen alleged in his intervention application that the information the FPPC requests is "contained in USPS postage

statements issued under a standard mail postal permit[, which] belong[ed] to the Committee Against Measure BB for which Eisen was the treasurer." (Eisen's Appl. to Intervene ("Appl.") 1:26-28.)   The information that the USPS has been ordered to release to the FPPC is simply the number of pieces of mail that were sent using a bulk mail permit on certain dates. (ECF No. 37, 10:24-11:1.) Eisen makes the conclusory argument that this information "comprises [his] personal data[,]" the "[r]elease of [which] . . . would infringe on [his constitutional] right to privacy." (Appl. 1:26; Eisen's Reply 3:6-7; Eisen's Ans. 2:16-21, 6:1-2.).  However, Eisen has not shown he has a likihood of prevailing on this argument, since the postal permit at issue belonged to a committee for which he was the treasurer.

Nor has Eisen shown that he is likely to prevail on the merits of his permissive intervention argument, which was premised on his contentions that disclosure would violate his rights to privacy, freedom of speech, and freedom of association, and that the FPPC has unclean hands, since he failed to demonstrate how these defenses shared a common issue of law or fact with the FPPC's FOIA claim. (Eisen's Proposed Ans. 2:15-21.) "The language of [Rule 24(b)(2)] makes clear that [permissive intervention under Rule 24(b)(2) must be denied since Eisen's defenses and claims] contain[] no question of law or fact that is raised [in] the main action . . . ." Kootenai Tribe of Idaho, 313 F.3d 1094, 1111 (9th Cir. 2011), abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173 (9th Cir. 2011).

/

/

/

For the stated reasons, Eisen's request for a temporary ten (10) day stay is denied.

Dated:  November 1, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge